IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL ANTHONY SANDERS )
and CAROLYN FARRAR OAKLEY )
SANDERS, )
 )
              Plaintiffs, )
 )
              v. )    1:05CV00907
 )
ROBERT CULP, CEO; )
KENNETH LUDWIG, Vice President; )
MICHAEL HOFFMAN, Head of Payroll; )
BETH COLEMAN, Lead Payroll Analyst;)
TERESA HUFFMAN, Manager of )
Compensation Benefits; OFFICE FOR )
CULP INCORPORATED, )
 )
              Defendants. )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

    This matter comes before the Court on defendants' motion to dismiss. The motion arises out of the occurrences at the initial pretrial conference held on December 22, 2005. At that time, the Court called the matter. Attorney Patti W. Ramseur appeared for defendants. Two people stepped in front of the bar on behalf of plaintiffs. One person identified himself as Michael Sanders. The other person did not speak and instead, Michael Sanders attempted to speak on her behalf. He stated that person was Carolyn Sanders, the other plaintiff in this case. Both individuals were informed that a pro se person could not represent another party in the action and each had to speak for themselves. The individual identified as Carolyn Sanders did not and would not speak. The consequences of her refusing to speak were explained, including the

dismissal of the lawsuit. Plaintiff Michael Sanders informed the Court that its rules did not apply to him. The individual identified as Carolyn Sanders continued to refuse to speak and she was directed to step behind the bar, and the Court made a finding that she had failed to appear for the initial pretrial conference as ordered by the Court.

Michael Sanders did identify himself for the Court, but made certain demands concerning how defendants had to participate in the proceeding. The Court refused to accede to those demands. Mr. Sanders then voluntarily absented himself from the courtroom. The consequences for doing this had previously been explained. Because neither party were present and willing to participate in the pretrial conference, the conference could not be held and defendants were directed to file an appropriate motion. This, the defendants have done.

Defendants have filed a motion to dismiss this case due to plaintiffs' failure to appear and participate in the initial pretrial conference and their failure to prosecute this action. Rule 16(f), Federal Rules of Civil Procedure, provides that a party who fails to participate in good faith at an initial pretrial conference is subject to orders of the Court, including the sanctions provided by Fed. R. Civ. P. 37(b)(2)(B)-(D). Those sanctions include the dismissal of the action. See Simpson v. Welch, 900 F.2d 33, 36 (4th Cir. 1990); Conagra Feed Co. v. Higgins, 200 F.R.D. 265 (W.D.N.C. 2001)(default judgment against pro se defendant and dismissal of his counterclaim); Duke v. Crowell, 120

F.R.D. 511 (W.D. Tenn. 1988)(dismissing plaintiff's claim and awarding costs). Here, plaintiffs were specifically forewarned of the consequences of their behavior and chose to leave the courtroom and not participate in an initial pretrial conference knowing that dismissal would be entered.

Defendants also move for dismissal pursuant to Fed. R. Civ. P. 41(b), which provides that a complaint may be dismissed for the plaintiff's failure to prosecute it. In other cases, a complaint has been dismissed for failure to comply with discovery orders. See Quiles v. Beth Israel Medical Center., 168 F.R.D. 15, 18 (S.D.N.Y. 1996). In this case, plaintiffs actions have prevented any discovery at all from taking place because a discovery order cannot be entered. Fed. R. Civ. P. 26(d). Moreover, the circumstances in this case show a willful failure to comply with Court directions and willful failure to prosecute the case. In such an instance, dismissal is not only authorized, but required in order for a court system to operate. See Rabb v. Amatex Corp., 769 F.2d 996, 999 (4th Cir. 1985).

Defendants, in addition, request that plaintiffs pay the attorney's fees and costs incurred as a result of plaintiffs non-compliance. As noted earlier, the court in Duke v. Crowell, supra, both dismissed claims and ordered the payment of expenses. Defendants, however, did not include an affidavit setting out their costs as an attachment to the motion. As a result, the Court declines to determine a proper amount of attorney's fees for defendant's attorney's attendance at the hearing and filing the

motion. However, it will be recommended that the dismissal not only be with prejudice, but that all costs be taxed against plaintiffs. This would seem to be an appropriate solution to the problem under the circumstances.

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss the action of plaintiffs Michael Anthony Sanders and Carolyn Farrar Oakley Sanders (docket no. 13) be granted pursuant to both Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 41(b) and that this action be dismissed with prejudice, and that costs be taxed against plaintiffs.

*/s/ Russell A. Eliason*
**United States Magistrate Judge**

March 10, 2006